IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIO MAGDALENO VEGA, § | |
| TDCJ-CID NO. 1507648, § | |
|     Petitioner, § | |
| v. § | CIVIL ACTION NO. H-11-3683 |
| § | |
| RICK THALER, § | |
|     Respondent. § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner, proceeding *pro se*, seeks federal habeas relief from his 2008 drug conviction in the 351st State District Court of Harris County, Texas, in cause number 1130669. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.  PROCEDURAL HISTORY

Petitioner entered a negotiated plea and was convicted on May 14, 2008, in the 351st Criminal District Court of Harris County, Texas, of the felony offense of possession with intent to deliver cocaine, with an affirmative deadly weapon finding. (Docket Entries No.1, No.3). He was sentenced to fifteen years imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division. (Id.). Petitioner did not file a motion for new trial or a notice of appeal from his drug conviction. Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's conviction became final for

purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or about June 13, 2008. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed his first state application for a writ of habeas corpus in the 351st Criminal District Court on July 28, 2009. (Docket Entry No.1). The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on February 24, 2010. (Id.). He filed a second state habeas application in state district court on July 25, 2011, which was dismissed on September 14, 2011.[1] (Id.). Petitioner executed the pending federal petition for a writ of habeas corpus in October 2011. (Id.). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Lindh v. Murphy, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

    1.    Petitioner's plea of true to the deadly weapon finding was involuntary;

    2.    There was no evidence that petitioner used a firearm in the commission of the offense;

    3.    The state district court erred by not holding a hearing on the deadly weapon issue; and,

---

[1]    http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2458051 (viewed December 13, 2011).

    4.    Petitioner is actually innocent on the deadly weapon affirmative finding.

(Docket Entry No.1).

II. <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *See* Flanagan, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about June 13, 2008, the last day petitioner could have filed a notice of appeal in state court. That date triggered the one-year limitations period which expired on June 13, 2009. Because petitioner's state application for habeas corpus relief was not filed until July 28, 2009, after the expiration of the June 13, 2009 deadline, the tolling provisions found in § 2244(d)(2) do not apply. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas

4

corpus application filed after the expiration of the limitations period).

In his "Request for Leave to File Out-of-Time Petition for Habeas Corpus Pursuant to 28 U.S.C.A. § 2244(d)(1)," petitioner seeks statutory and equitable tolling of the limitations period. Petitioner seeks statutory tolling pursuant to § 2244(d)(1)(B) and (D) on the ground that he was denied access to state court records, which he claims prevented him from discovering the factual basis of his claim, *i.e.*, he had pled guilty to the affirmative deadly weapon finding.

Petitioner's pleadings, however, show that he could have discovered that he had entered a guilty plea to the deadly weapon finding during court proceedings if he had exercised the diligence required by § 2244(d)(1)(D). Petitioner acknowledges that the indictment, to which he entered a guilty plea, alleged that he "used and exhibited a deadly weapon, namely, a FIREARM, during the commission of and during the immediate flight thereform." (Docket Entry No.3, page 2). Petitioner also acknowledges that the whole proceeding and all documents were translated into Spanish for him by his trial counsel because he speaks no English. Petitioner does not indicate that his counsel or the state district court withheld any translation or document from him at trial.

Petitioner's claim that he was denied access to the courts by the District Clerk's failure to respond to his request to purchase

state court records and therefore, prevented from filing a timely petition by a state-created impediment pursuant to § 2244(d)(1)(B) is also without merit. Petitioner's acknowledgment that translated documents of the indictment and plea agreement were available to him during court proceedings negates a finding that he suffered an actual injury, *i.e.*, a non-frivolous, arguable underlying claim, that would give rise to a denial-of-access-to-court claim. *See* Christopher v. Harbury, 536 U.S. 403, 415 (2002). Therefore, he fails to show that the Harris County District Clerk's failure to respond to his requests to purchase the same records constitute a state-created impediment that would entitle him to statutory tolling under § 2244(d)(1)(B).

Further, there is no showing of a newly recognized constitutional right upon which the petition is based. *See* 28 U.S.C. § 2244(d)(1)(C). Accordingly, petitioner fails to show that he is entitled to statutory tolling of the limitations period under § 2244 (d)(1).

Petitioner also seeks equitable tolling on grounds that the District Clerk's refusal to respond to his request for state court records prevented the timely filing of his petition and that he is actually innocent of the deadly weapon finding. (Docket Entry No.3, pages 5-6).

The one-year AEDPA limitations period is subject to equitable tolling only "in rare and exceptional circumstances." United

States v. Patterson, 211 F.3d 927, 928 (5th Cir. 2000); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000). To merit application of equitable tolling in the context of § 2254, a petitioner must show that he pursued his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2560 (2010). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'" Id. (quoting Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999)). The petitioner bears the burden of establishing that equitable tolling is warranted. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Petitioner does not show that the District Clerk's failure to respond to his request to purchase state court records constitutes an extraordinary circumstance that prevented him from filing his petition given his acknowledgment that all proceedings and documents were translated into Spanish by his attorney. Petitioner's unfamiliarity with the legal process due to illiteracy, language barrier, or any other reason, is generally insufficient to warrant equitable tolling. *See* Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Cobas v. Burgess, 306 F.3d 441,

444 (6th Cir. 2002).

Petitioner also contends that the statute of limitations should be equitably tolled because he is actually innocent of using or exhibiting a deadly weapon. Petitioner alleges that soon after sentencing, he began to pursue an "actual innocence" claim when he obtained an affidavit from a co-defendant attesting to petitioner's innocence of the criminal offense. After two failed attempts to purchase state court records from the District Clerk's Office, petitioner filed a state habeas application in July 2009 challenging his conviction on an actual innocence claim based on the co-defendant's affidavit. (Docket Entry No.3, page2-3). The application was denied.

Petitioner claims his wife obtained the state court records on June 24, 2011. (Id.). Thereafter, with the help of a paralegal, he learned that the state district court had entered a deadly weapon finding, which now affects his parole and mandatory supervision eligibility, and "that his trial counsel did not inform him of this." (Id.). Thereafter, he filed a second state habeas application, challenging the affirmative deadly weapon finding and his trial counsel's ineffective assistance of counsel. (Id.). The application was dismissed as successive. (Id., page 4).

Petitioner's actual innocence claim is unavailing. There is no actual innocence exception to the AEDPA statute of limitations. See Henderson v. Thaler, 626 F.3d 773, 781 (5th Cir. 2010) (holding

as to death penalty cases); Prince v. Thaler, 354 Fed. App'x 846, 847 (5th Cir. 2009) (finding no precedence in this Circuit for an actual innocence exception in non-death penalty case). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup v. Delo, 513 U.S. 298, 326-27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623-624 (1998). In this case, petitioner entered a plea of guilty to the offense and the deadly weapon allegation; he presents no new evidence showing his actual innocence.

Moreover, to the extent that petitioner contends that his trial counsel was ineffective during the guilty plea and sentencing proceedings, such contention unavailing. A counsel's actions or inactions at a time preceding the one-year limitation period cannot provide a basis to equitably toll the limitation period.

Accordingly, the Court finds that petitioner's federal

9

petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further

briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV. <u>CONCLUSION</u>

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

Signed at Houston, Texas, on December 21, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE