IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIO MAGDALENO VEGA, § | |
| TDCJ-CID NO. 1507648, § | |
|     Petitioner, § | |
| v. § | CIVIL ACTION NO. H-11-3683 |
| § | |
| RICK THALER, § | |
|     Respondent. § | |

ORDER

Petitioner, proceeding *pro se*, sought federal habeas relief from his 2008 drug conviction in the 351st State District Court of Harris County, Texas, in cause number 1130669. The Court dismissed the petition pursuant to 28 U.S.C. § 2244(d) as time-barred. Pending is petitioner's "Motion for New Trial; Altering or Amending Judgment; or Seeking Relief from a Judgment or Order," pursuant to Rules 59(a)(2), and 60(a) and (b)(1) of the Federal Rules of Civil Procedure. (Docket Entry No.8).

In such Motion, petitioner asserts that the Court wrongly assumed that petitioner's trial counsel provided him with a written translation of all court proceedings and all documents at trial and that such assumption marred the Court's analysis of the statutory limitations period. (Docket Entry No.8, page 2). Petitioner claims that trial counsel verbally translated into Spanish the documents that he signed during the entering of the guilty plea but did not provide him with a written translation of any document except the police report. (Id., page 3). Petitioner claims

because he did not have a written Spanish copy of the record during court proceedings, he was unaware that he was pleading guilty to a deadly weapon allegation. (Id., page 4). He also claims that the Harris County District Clerk impeded his efforts to purchase the record, thereby, preventing him from discovering that he had entered such plea. (Id.). Petitioner argues that the District Clerk's actions deprived him of access to the courts and constitute a state-created impediment as defined by 28 U.S.C. § 2244(d)(1)(B). (Id.).

Although petitioner seeks relief under Rules 59(a) and 60(a), he states no facts that would entitle him to relief under either rule. Petitioner is not entitled to a new trial under Rule 59(a) because his case did not proceed to trial. FED. R. CIV. P. 59(a). Likewise, he is not entitled to relief under Rule 60(a) because he does not allege that the court made clerical errors or mistakes arising from an oversight or omission in the judgment or order. FED. R. CIV. P. 60(a).

Petitioner's motion falls within the provisions of Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure. A Rule 59(e) motion to alter or amend "'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In Re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Such a motion is "not the proper vehicle for

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 479 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Id. (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. Templet, 367 F.3d at 479 (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D.La. June 26, 2000)).

Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). A court may use Rule 60(b)(1) to correct judicial error when an obvious error of law is apparent on the record. In re Grimland, Inc., 243 F.3d 228, 233 (5th Cir. 2001). "The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate." Id.

In this case, petitioner fails to show that the Court made any error of fact or law in the Memorandum and Order on Dismissal. Contrary to petitioner's assertion, the Court did not assume, state, or find that petitioner's trial counsel provided petitioner with a written translation of the court proceedings. Instead, the

Court noted that petitioner had acknowledged that the indictment, to which he pled guilty, had a deadly weapon allegation and that his trial counsel translated the whole court proceeding to petitioner in Spanish and read all documents to him in Spanish during trial. (Docket Entry No.6, page 5). Petitioner affirms these facts in his unsworn declaration, wherein he states that all court documents were "translated into Spanish by my trial counsel-he merely 'read' them to me." (Docket Entry No.8-1, page 1). He also attests that he was never given any document written in Spanish but his "counsel only informed me of what the papers said." (Id.). Because the indictment, and all documents were read to petitioner in Spanish, the Court did not err in finding that petitioner could have discovered that he had entered a guilty plea to the deadly weapon allegation during court proceedings if he had exercised diligence.

Petitioner, therefore, fails to show his entitlement to relief under Rules 59(e) or 60(b)(1). Accordingly, his Motion for New Trial; Altering or Amending Judgment; or Seeking Relief from a Judgment or Order is DENIED. (Docket Entry No.8).

Signed at Houston, Texas, on February 27, 2012.

EWING WERLEIN, JR.
UNITED STATE DISTRICT JUDGE